1  TRINETTE G. KENT (State Bar No. 025180)
2  3219 E Camelback Road, #588
   Phoenix, AZ 85018
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5

6  Of Counsel to
   Lemberg Law, LLC
7  43 Danbury Road
8  Wilton, CT 06897
   Telephone:  (203) 653-2250
9  Facsimile:  (203) 653-3424

10
   Attorneys for Plaintiff,
11 Rebecca Cooley

12

13
                    UNITED STATES DISTRICT COURT
14                   FOR THE DISTRICT OF ARIZONA

15

16
   Rebecca Cooley,                        Case No.:
17
                        Plaintiff,
18
                                          **COMPLAINT**
19      vs.

20
   Conn Appliances, Inc.,
21
                                          **JURY TRIAL DEMANDED**
22                      Defendant.

23

24

25

26

27

28

Plaintiff, Rebecca Cooley (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Conn Appliances, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is an adult individual residing in Chandler, Arizona, and is a "person" as defined by 1 U.S.C. § 1.

5.      Defendant is a business entity located in Woodlands, Texas, and is a "person" as the term is defined by 1 U.S.C. § 1.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

2

7.      At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

8.      At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 480-xxx-5889 (hereafter "Number").

9.      Within the past year, Defendant began calling Plaintiff's Number in an attempt to collect a debt.

10.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

11.     When Plaintiff answers Defendant's calls, she hears a significant period of silence or a series of clicks before Defendant's automated system attempts to connect Plaintiff to an available representative.

12.     In or around September of 2019, during a live conversation, Plaintiff requested that Defendant cease all further calls to her Number.

13.     Ignoring Plaintiff's request, Defendant continued to call Plaintiff's Number using an ATDS in an excessive and harassing manner.

14.     Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

3

1
2

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

3
4
5
6

15.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

7
8
9
10

16.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

11
12
13
14

17.     Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard silence or clicks before being connected with a live representative.

15
16
17
18
19
20

18.     Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so, or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

21
22
23
24

19.     Defendant continued to willfully call Plaintiff's Number using an ATDS and/or Robocalls knowing that it lacked the requisite consent to do so in violation of the TCPA.

25
26
27
28

20.     Plaintiff was harmed and suffered damages as a result of Defendant's actions.

4

1

2

3

21.    The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

4

5

22.    As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

6

7

8

23.    As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

9

10

## PRAYER FOR RELIEF

11

WHEREFORE, Plaintiff prays for judgment against Defendant for:

12

13

14

A.  Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

15

16

17

B.  Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

18

C.  Such other and further relief as may be just and proper.

19

20

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

21

22

23

DATED:  December 30, 2019                    TRINETTE G. KENT

24

25

26

By:___/s/___Trinette G. Kent___
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Rebecca Cooley

27

28

5